GebeN, J.
delivered the opinion of the court.
This is an action of forcible entry and detainer. The warrant issued the 14th of January, 1850.
It was proved that, before the warrant issued, White had forcibly entered upon part of the plantation of which Suttle was in possession. The part so forcibly possessed was called the Rainey field. At the time the warrant issued, the plaintiff, Suttle, was in possession of part of the plantation, from which he had not, then, been driven by White. From this part he was afterwards expelled.
On the trial, the plaintiff offered to prove such subsequent expulsion, to which the defendant objected, but the court overruled the objection and permitted said fact to be proved.
The court charged the jury on this subject, “That if the defendant entered into possession of part of the lands by force, that is, if he occupied the Rainey field, or the grass *450 lot, claiming the whole of the land in the warrant mentioned, that although the plaintiff occupied a field and house on the 14th of January, when the warrant issued, and had not entirely abandoned the premises, yet, he had a right to regard himself as ousted from the whole farm, and bring his suit for all the land the defendant claimed; that there was nothing in the objection, that the plaintiff was not, at the issuance of the warrant, evicted from the whole of the land; because, if the defendant entered into a part, claiming the whole, plaintiff could elect to consider himself evicted from the whole tract.”
In this charge to the jury, and in permitting proof of forcible possession of part of the land described in the warrant, after its date, we think his honor erred.
The doctrine of. eviction by election, has no application to actions for forcible entry and detainer.
To maintain a suit for forcible entry, the plaintiff must be actually expelled from the premises by force. Not that he is bound to resist, and fight to the last extremity, nor, indeed, to fight at all; for he may retire without any resistance, upon the appearance of force. But before he can maintain the action, he must be actually out of possession.
In this case, therefore, the plaintiff’s right of action, is confined to such portion of the land, as the defendant had in possession the day the warrant issued.
Reverse the judgment, and remand the cause.